IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAQUANN HACKETT, | ) | CASE NO.: 4:11CR101 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OPINION |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #763 in Case

No. 4:11 CR 101.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On March 15, 2011, Petitioner was charged in a multi-count, multi-defendant indictment

with being a co-conspirator in a Racketeering Influenced and Corrupt Organization Act

conspiracy; conspiracy to commit murder and other criminal violations connected to the

conspiracies. (Docket #1.) On August 31, 2011, Petitioner was charged in a superseding

indictment with being a co-conspirator in a Racketeering Influenced and Corrupt Organization

Act conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder in

order to maintain and increase a position in an enterprise engaged in racketeering, in violation of

18 U.S.C. § 1959(a)(5) (Counts 3, 30, and 31); knowingly using and carrying a firearm while

committing a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 4);

conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846,

841(a)(1) and (b)(1)(B) (Counts 13-21, 28, 40, and 41); possession with intent to distribute and

distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts 22, 23, and 35); killing or attempting to kill with intent to retaliate against a person for providing law enforcement with information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1513(a)(1)(B) (Count 29); and knowingly using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 32). (Docket #301.)

Following a jury trial, on June 29, 2012, Petitioner was convicted on Counts 1, 3, 4, 13-23, 28, 29, 31, 35 and 40-41. (Docket #554.) He was acquitted on Count 30. (Id.) On October 17, 2012, Petitioner was sentenced to a 324-month term of incarceration on Counts 1, 22, 23, 28, 29 and 35, a 120-month term of incarceration on Counts 3 and 31; and a 240-month term of incarceration on Counts 13-21. (Docket #653: Judgment; Docket #707: Sentencing Tr., p. 6241.) These sentences were concurrent. (Docket #653: Judgment; Docket #707: Sentencing Tr., p. 6241.) Additionally, Petitioner was sentenced to serve a 10-year consecutive sentence on Count 4. (Docket #653: Judgment; Docket #707: Sentencing Tr., p. 6241.) Petitioner appealed. The Sixth Circuit affirmed Petitioner's convictions and remanded for re-sentencing on Count 4 in accordance with Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013). United States v. Hackett, 762 F.3d 493 (6th Cir. 2014), cert. denied, ___ U.S. ___, 135 S. Ct. 1518 (2015). On December 8, 2014, this Court amended the judgment against Petitioner to reflect a 60-month consecutive term of imprisonment as to Count 4. (Docket #753: Amended Judgment.)

On August 7, 2015, Petitioner filed his Section 2255 Motion with this Court. Petitioner claims that his trial counsel rendered ineffective assistance by failing to pursue plausible defense strategy, failing to call a favorable witness, and failing to request self-defense instructions.

On October 16, 2015, the Government filed its Response in Opposition to Petitioner's Motion. (Docket #766.) The Government argues Petitioner's claims of ineffective assistance of

counsel is without merit and should be denied.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion; the Response filed by the Government; and, Petitioner's Amendments to his Motion[1]. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

## I.    Ineffective Assistance of Counsel Claim

In *Strickland v. Washington*, 466 U.S 668, 687 (1984), the Supreme Court established the requirements for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that,

---

[1] Petitioner filed three additional Motions for Leave to File an Amendment. (Docket #'s 772, 774, 776.) The Court has considered the additional arguments and they have no impact on the decision.

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The performance inquiry must consider the prevailing circumstances at the time of trial and should not be conducted in a vacuum. *Id.* at 688. The Sixth Circuit recognizes the necessity of affording defense counsel wide attitude un making trial decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

In order to prevail on his ineffective assistance of counsel claim, Petitioner must rebut the presumption that his attorneys' representation was reasonable. Specifically, he must prove that his attorneys' representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Further, to establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694.

A.      **Attorney Debra Hughes Assistance of Counsel with Respect to Plea Negotiations.**

Petitioner argues that Attorney Hughes provided ineffective assistance with respect to plea negotiations in that she failed to produce a plea agreement. "Adequate representation by a criminal defense attorney entails exploring possible plea negotiations and deals." *Holloway v. Arkansas*, 435 U.S. 475, 789-90 (1978).

Here, Attorney Hughes communicated with the Petitioner that the government was interested in potential 5K discussions and sought a proffer. Petitioner was unwilling to cooperate with the government. Without cooperation, the government was unwilling to negotiate a plea agreement that did not include the additional conduct established by the superseding indictment. Petitioner offers nothing in support of his contention that the government would have negotiated a plea agreement with him that did not involve cooperation prior to the filing of additional charges.

Petitioner's dissatisfaction with the result of his decision to plead not guilty and to decline a plea agreement including cooperation does not render Attorney Hughes' representation constitutionally deficient.

### B.   Attorney Russell Tye's Assistance of Counsel with Respect to Pre-trial Communication.

Petitioner argues that Attorney Tye rendered ineffective assistance of counsel by failing to correctly advise him of his options for pleading guilty.  Petitioner alleges that Attorney Tye's mistaken advice that he was facing life imprisonment resulted in his unwillingness to enter a guilty plea.

Petitioner offers only his own deceleration that he was under the impression he was facing life imprisonment.  As noted in the Government's Response in Opposition, this Court had a lengthy discussion, prior to opening statements, with the parties regarding plea offers available to Petitioner. At no time was there any discussion involving the potential for a life sentence.  Petitioner states on the record that it is his understanding he would have been exposed to a sentence of 25 years if he pled guilty to the indictment, and that was not a deal in his mind.  (Docket #688: Trial Tr., Vol. 3, pp. 10-14.) The record is clear that Petitioner knew the options available to him, as explained both by counsel and this Court, and it was his choice to proceed to trial.  Petitioner's regret, after being convicted by a jury of his peers, does not render Attorney Tye's representation constitutionally deficient.

### C.   Attorney Russell Tye's Assistance of Counsel with Respect to his Decision not to Call a Witness.

Petitioner argues that Attorney Tye rendered ineffective assistance of counsel when he failed to call Keveta Jones as a witness at trial.  Counsel has a duty to make reasonable investigations.  However counsel "has no obligation to call or even interview a witness whose

testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004).

Petitioner argues that testimony by Keveta Jones would have contradicted the testimony from other testifying witnesses regarding the shooting on November 1, 2008. Attached to Petitioner's Motion was a declaration, purportedly provided by Ms. Jones. The Government accurately notes that the alleged testimony Ms. Jones would have provided does not conflict with testimony given at trial. Her alleged testimony would have shown that Petitioner began "backing up toward the car trying to create some distance between himself and the gun. DaQuann then reached into the car and came out with a gun and began shooting." (Docket #763: Motion to Vacate, Declaration of Keveta Jones, p. 2.) Prior to trial, Attorney Tye interviewed Ms. Jones and in light of what her purported testimony would have been, it is objectively reasonable that Attorney Tye did not call her to testify at trial. Attorney Tye was exercising his professional judgment with respect to the viability of certain defenses and evidentiary matters which does not render counsel's assistance ineffective.

**D. Attorney Russell Tye's Assistance of Counsel with Respect to his decision not to Request a Self Defense Instruction.**

Petitioner argues that Attorney Tye rendered ineffective assistance of counsel by failing to request a self-defense instruction at trial. Petitioner alleges that if the jury had been given a self-defense instruction they would have, more likely than not, determined Petitioner shot Mr. Perkins in self defense. The Sixth Circuit noted that "a jury admittedly could have found that Hackett acted solely in self-defense when he shot Perkins. . . . But a rational jury could have found that Hackett was animated by another purpose as well— or even a different one altogether." *United States v. Hackett*, 762 F.3d 493, 500 (6th Cir. 2014). Further, the Sixth Circuit noted in their opinion "Hackett went to extraordinary lengths to fight back: he flagged down a passing car, wrestled with its driver for the gun in the front seat, and then wheeled and fired the first shot at Perkins." *Id.*

Attorney Tye exercised his professional judgment and did not request a self-defense instruction and instead attempted to persuade the jury that the shooting was for another purpose other than to kill Mr. Perkins.

Petitioner has failed to present evidence to support his claim that Counsel was ineffective and that he suffered prejudice as a result of the performance of counsel. Petitioner submits only self-serving, conclusory statements regarding the alleged deficiencies of Counsel. The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions of Counsel would have resulted in a different outcome in this case. While Petitioner makes several arguments regarding deficiencies in the performance of Counsel, the Court has conducted a careful and thorough review of the record and the materials submitted by the Parties and finds no basis for his claims.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #763 in Case No. 4:11CR101) is DENIED. There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED.  Petitioner's Motion for Expedited Disposition (Docket #775) is DENIED AS MOOT.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).


IT IS SO ORDERED

_____
DONALD C.  NUGENT
United States District Judge

DATED: _____March 14, 2016_____