UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    4:11 CR 101 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DAQUANN HACKETT, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Daquann Hackett's Motion to Alter of Amend Judgment and/or Vacate Order of March 14, 2016 For Lack of Service of the Government's Response to § 2255 Motion (ECF #783), and his Motion for Reconsideration of the same Order (ECF #784).  Mr. Hackett's motions are both premised on the assertion that he did not receive the Government's Response to his § 2255 motion, and he was, therefore, denied the opportunity to reply that response prior to the Court's ruling.

Mr. Hackett filed his § 2255 motion, alleging ineffective assistance of trial counsel, Russell Tye.[1]  (ECF # 763).  The government responded.  (ECF #766).  Following the

---

[1]In a supporting declaration, he also alleged that attorney Deborah Hughes provided ineffective assistance, as well.  Ms. Hughes, however, has never been Mr. Hackett's counsel of record in the instant case. She had briefly represented him on a prior indictment (Case No. 4:10 CR 237), before a different Judge.  That case, however, was dismissed in May of 2011, when the instant case was indicted.  Further, even in the prior case, Mr. Hackett indicated his displeasure with her representation and early in the proceedings, Ms. Hughes was replaced by Mr. Tye at Mr. Hackett's request.  Mr. Tye has been Mr. Hackett's only counsel of record in the current case.  Attorney Hughes was never Mr. Hackett's attorney of record in this case, and her

government's response, Mr. Hackett filed three amendments to his original motion, all of which this Court considered in its opinion on his motion. (ECF #772, 774, 776). Mr. Hackett never mentioned in any of his subsequent filings, which were submitted well after the response deadline, that he had not received any response from the government on his original motion. Therefore, the Court had no way to know at the time of its opinion that he had not received a copy of the response. In fact, it appeared that his subsequent filings may have been intended to serve as replies as they addressed the same issues raised in the government's response, specifically Mr. Tye's alleged failure to request a self-defense instruction.

Regardless, there is nothing Mr. Hackett would have proffered in a reply brief that was not already before the Court. Further, there is nothing he could have presented that would counter the record in this case regarding the alleged ineffective assistance of counsel based on an alleged failure to communicate plea offers, or the state of the evidence with regard to self-defense. The Court held a lengthy discussion with all parties, including Mr. Hackett, and his attorney, in which the plea offer was communicated to Mr. Hackett in open court, and any misunderstandings or mis-communications that may have occurred were aired and explained. In the end, Mr. Hackett was made aware of the plea offer and conditions required by the government prior to trial, and he simply did not want to accept the government's conditions or terms. (ECF # 688, Trial Tr. Vol. 3, pp. 10-14). His counsel was not deficient, and had no duty or ability to alter the government's offer. Mr. Hackett cannot show any prejudice caused by any

---

representation had no effect on the eventual outcome in this case. Nonetheless, in recognition of Mr. Hackett's concerns and the fact the cases were merged in the second indictment and, therefore, may, in his mind, have appeared to be part of the same proceedings, the Court addressed both the allegations against Mr. Tye and against Ms. Hughes in its prior opinion.

alleged deficiency when he was made fully aware of the available plea offer prior to trial he refused it. Therefore, nothing he could have stated in a reply to the government's response would have altered this Court's opinion on this matter. In addition, the record supports the fact that a self-defense instruction was not warranted and that the allegedly omitted testimony of Ms. Jones was not prejudicially.

Mr. Hackett's current motions present no new information that would impact the Court's analysis of Mr. Hackett's § 2255 motion, and all of the relevant information relating to Mr. Hackett's motion was taken into consideration by the Court when it issued its March 14, 2016 Order. For this reason, and all other reasons previously discussed in the Court's prior Order on his § 2255 Motion, Defendant's Motions (ECF # 783, 784) are DENIED.


      /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  May 23, 2016