IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAQUANN HACKETT, | CASE NO. 4:11CR00101 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| vs. | |
| UNITED STATES OF AMERICA., | **MEMORANDUM AND OPINION** |
| Respondent. | |

This matter is before the Court upon Petitioner's Second Motion to Amend Judgment (ECF #802) ("Second Motion") asking this Court to amend its Judgment of March 15, 2016 denying his § 2255 motion to vacate sentence. Petitioner also argues that *Johnson v. U.S.*, 135 S.Ct. 2551 (2015) "requires that his sentence be vacated and the case set for de novo sentencing." *Id*. The Government filed a Response to the Motion to Amend Judgment, (ECF #807) and Petitioner filed his Reply. (ECF #808). Therefore, the issues are fully briefed and this matter is ripe for review.

For the reasons set forth herein, this Court hereby transfers this matter to the Sixth Circuit Court of Appeals.

I. **Factual and Procedural Background**

On June 29, 2012, a jury convicted Petitioner of Racketeering Influenced and Corrupt Organization Act conspiracy in violation of 18 U.S.C. § 1962(d), two counts of Violent Crimes in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5), retaliation against a government witness in violation of 18 U.S.C. § 1513(a)(1)(B), and various other weapons and narcotics

charges. (*See* ECF #731, Sixth Circuit Opinion dated Aug. 7, 2014, p.5). This Court sentenced Petitioner to a total of 440 months incarceration, which was later reduced to 380 months as per the Sixth Circuit's recommendation on appeal that Petitioner be resentenced in accordance with *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (*See* ECF #731, p.2 and 9-10).

On August 7, 2015, Petitioner filed his first Section 2255 Motion to Vacate, Set Aside or Correct Sentence with this Court, claiming ineffective assistance of counsel during plea negotiations, pre-trial communications, evidentiary matters and counsel's failure to use certain jury instructions. (ECF #763). This Court denied Petitioner's Motion on March 15, 2016 and also certified that "pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability." 28 U.S.C. § 2253(c); Fed.R.App.22(b)." (ECF #780, p. 9).

On April 4, 2016, Petitioner filed a "Motion to Alter or Amend Judgment and/or Vacate Order of March 14, 2016," (ECF #783) as well as a "Motion for Reconsideration" of the Order, (ECF #784), both of which were denied by this Court on May 25, 2016. (*See* ECF #795). On June 6, 2016, Petitioner filed his "Second Motion to Amend Judgment," which is at issue herein. (ECF #802).

II. **Analysis**

The issue before this Court is whether or not Petitioner's Second Motion is successive before transferring the case to the court of appeals. *See In re Smith*, 690 F.3d 809, 810 (6th Cir.2012). Petitioner's first § 2255 Motion, wherein Petitioner asked that his convictions be

reversed, was decided on the merits and denied. (ECF #763). This Court also ruled at that time that "there is no basis upon which to issue a certificate of appealability." (ECF #780).

This second § 2255 Motion also requests that Petitioner's same convictions be vacated, now based upon *Johnson* issues. (ECF# 802). However, Petitioner could have raised the *Johnson* argument in the first § 2255 Motion but failed to do so.[1] A petition is considered a second or subsequent petition if it "raises a claim that could have been raised in the first petition but was not." *Keith v. LaRose*, 2014 WL 1369655 (N.D.Ohio Mar. 28, 2014), at *6 (*citing McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Therefore, this second Motion is considered a second or successive § 2255 Motion

It is clear that in order to file a second or successive § 2255 petition, the applicant must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h); § 2244(b)(3); *In re Watkins*, 810 F.3d 375 (6th Cir. 2015). Petitioner in this case has not been granted authorization for a successive petition under § 2244(b)(3)(A). Without such authorization, this Court lacks jurisdiction to consider Petitioner's second § 2255 Motion. 28 U.S.C. § 1618; *Askew v. Bradshaw*, 636 Fed. Appx. 342 (6th Cir. 2016)(*citing Burton v. Stewart*, 549 U.S. 147, 149, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). Therefore, this Court must transfer this matter to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(1). *See, e.g., In re Smith*, 609 at 810.

III. **Conclusion**

Petitioner in this case has not been granted authorization to file a successive petition under § 2244(b)(3)(A), therefore, this matter is hereby TRANSFERRED to the Sixth Circuit pursuant to

---

[1] The *Johnson* case was decided on June 26, 2015, prior to the Petitioner's first § 2255 Motion.

28 U.S.C. § 1631, for a determination of whether Petitioner will be granted authorization to file a second or successive petition.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 4, 2016