IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAQUANN HACKETT, | ) | Case No. 4:11 CR 0101 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This case is before the Court on Daquann Hackett's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 823). The United States has filed a response. (Doc. No. 830). This is Mr. Hackett's third motion to vacate.

On August 31, 2011, Mr. Hackett was charged in a multi-count indictment with being a conspirator in a Racketeering Influenced and Corrupt Organization Act (RICO) conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder, in violation of 18 U.S.C. § 1959(a)(5) (Counts 3, 30, and 31); knowingly using and carrying a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c )(1)(A)(ii) (Count 4); conspiracy to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Counts 12-21, 28, 40, and 41); possession with intent to distribute and distribution of crack cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts 22, 23, and 35); killing or attempting to

kill with intent to retaliate against a person for providing law enforcement with information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1513(a)(1)(B) (Count 29); and knowingly using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 31). (Doc. No. 301).

Mr. Hackett was convicted by a jury on all Counts except Count 30. On October 17, 2012, this Court sentenced Mr. Hackett to 324 months imprisonment on Counts 1, 22, 23, 28, 29, and 35; 120 months imprisonment on Counts 3 and 31; and 240 months imprisonment on Counts 13-21, all to be served concurrently. (Doc. No. 707). Additionally, this Court sentenced Mr. Hackett to 10 years imprisonment on Count 4, to be served consecutively. (Id.). On appeal, the Sixth Circuit reversed the 10 year sentence on Count 4, and on remand, this Court corrected the sentence to 60 months imprisonment to be served consecutively. *United States v. Hackett*, 782 F.3d 493 (6th Cir. 2014); (Doc. No. 753).

Mr. Hackett filed his first Motion to Vacate under § 2255 on August 7, 2015, claiming ineffective assistance of counsel. (Doc. No. 763). This Court denied Mr. Hackett's motion stating that Mr. Hackett failed to present any evidence in support of his claim, and that he only submitted ". . . self-serving, conclusory statements regarding the alleged deficiencies of Counsel." (Doc. No. 780). On April 4, 2016, Mr. Hackett filed his first motion to amend judgment, which this Court subsequently denied. (Doc. Nos. 783, 785). On June 6, 2016, Mr. Hackett filed a second motion to amend, this time arguing that his sentence was miscalculated under *Johnson v. United States*, 135 S. Ct. 2251 (2015). This Court construed this second motion to amend as a successive § 2255 motion and transferred it to the Sixth Circuit, where Mr. Hackett filed a corrected § 2244 motion. (Doc. Nos. 802, 813).

Before the Sixth Circuit decided his previous motion to vacate, Mr. Hackett filed the present, his third, § 2255 motion, raising the same *Johnson* issue as his previous motion.  (Doc. No. 823).

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Since Mr. Hackett has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture.  Therefore, the Clerk of Court is directed to transfer Mr. Hackett's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


IT IS SO ORDERED.



  /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date:  September 30, 2016

Before the Sixth Circuit decided his previous motion to vacate, Mr. Hackett filed the present, his third, § 2255 motion, raising the same *Johnson* issue as his previous motion.  (Doc. No. 823).

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Since Mr. Hackett has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture.  Therefore, the Clerk of Court is directed to transfer Mr. Hackett's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

  /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date:  September 30, 2016