UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:11 CR 101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| DAQUANN HACKETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release. (ECF #1080, 1093). Mr. Hackett originally filed a combined Motion seeking compassionate release and representation to assist him in supporting that request. The Court granted the request for appointment of counsel, assigning the Federal Public Defender to review his case. (ECF #1082). After review, Mr. Hackett's attorney declined to file a supplement to his original motion. (ECF #1091). The Government then filed a Response in Opposition to Mr. Hackett's request for release. (ECF #1092). Mr. Hackett responded to the Opposition, expanding the reasoning behind his original request, and the Government filed an additional Reply opposing compassionate release. (ECF #1093, 1094).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that

the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). The government concedes that Mr. Hackett filed a request for relief from the Warden, which was marked received on June 5, 2023, and was denied on June 28, 2023. They argue that this does not satisfy the exhaustion requirement, however, because he failed to include all of his arguments in favor of early release. (ECF #71, Ex. A). Because this is Mr. Hackett's first motion for compassionate release following his the denial of his request to the Warden, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13.  A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Hackett argues that he qualifies for relief because he is needed at home to assist his mother who is currently the only caretaker for his nephew. His sister passed away two years ago, leaving the nephew's grandmother as his only caretaker. The only provision of U.S.S.G. §1B1.13(b)(3) that could arguably support categorizing these circumstances as "extraordinary and compelling" in the context of a request for compassionate release is subsection §1B1.13(b)(3)(D). That subsection states as follows:

> (D) The Defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as grandchild, grandparent, or sibling of the defendant.

The Court does not question Mr. Hackett's representation that his mother would benefit from assistance as she is raising her grandson (Mr. Hackett's nephew). However, Mr. Hackett has not shown that the situation rises to the level of "extraordinary and compelling" reasons as defined the United States Sentencing Commission. Mr. Hackett has not established that his mother is incapacitated or otherwise unable to provide care to his nephew, nor has he established that he is the only available caregiver for his nephew. Therefore, even if a nephew could under some circumstance qualify as being similar in kind to an immediate family member as defined in §1B1.13(b)(3)(D), he has not satisfied the other criteria for demonstrating "extraordinary and compelling" reasons for relief. It is an unfortunate truth that when family members are incarcerated the whole family may suffer hardships. As sympathetic as this situation is, it does not meet the definition of "extraordinary and compelling" in this context.

Mr. Hackett's age at the time of the crime is also not a basis for finding extraordinary and compelling reasons for relief. Neither his youth at the time, nor the fact that most of his criminal history stemmed from juvenile offenses can support such a finding. The Sixth Circuit has held that because the defendant's youthfulness, and criminal history were known at the time of sentencing and, they are not permissible grounds for finding "extraordinary and compelling" reasons for relief. See, *United States v. Hunter*, 12 F.4th 555, 569-573 (6th Cir. 2021)

Even if Mr. Hackett could demonstrate extraordinary and compelling reason for a reduction, he would not qualify for a reduction when those reasons are considered in combination with other §3553(a) factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Hackett is not entitled to a reduction in sentence.

A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Hackett a disparately low sentence compared to other defendants who engage in similar behavior. Prior to this crime, Mr. Hackett was convicted as a leader of a street gang in the Youngstown area that engaged in acts including murder, robbery, witness tampering, retaliation, and drug trafficking. The evidence at trial showed that Mr. Hackett engaged in and directed others to engage in criminal acts, including the sale of firearms, drug trafficking, and robbery. He has not shown himself to be at a low risk for recidivism and he continues to be a danger to the community. The Court has considered the rehabilitation efforts made by Mr. Hackett, and his attention to developing avenues for productive self-sufficiency following his release. These

efforts are laudable, and the Court strongly encourages Mr. Hackett to continue on this path. He has shown improvement in his behavior during incarceration with no new infractions since 2019. These efforts will make his remaining time more productive, and will prepare him for eventual release. They are not sufficient, however, to establish extraordinary and compelling reasons for a reduction in sentence, and do not override the remaining factors, at this time.

Mr. Hackett has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Hackett' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #1080, 1093). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: November 19, 2024