UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:11 CR 101 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DAQUANN HACKETT, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Amended Motion For Compassionate Release. (ECF # 1099). Mr. Hackett's Amended Motion seeks to add additional support to his prior Motion for relief under 18 U.S.C. §3582(c)(1)(A), and requests appointment of counsel to help him articulate his arguments.

A motion to amend is not appropriate when the pleading sought to be amended has already been decided. Because the Defendant is filing pro se and has clearly articlated the basis for his additional arguments, the Court will treat his motion as a motion for reconsideration. Mr. Hackett seeks the Court's consideration of the 829 Amendment to the Sentencing Guidelines, which became effective on November 1, 2024, before his prior motion was denied, but after his appointed counsel had filed a Notice of No Intent to Supplement Mr. Hackett's prior request.

Mr. Hackett argues that his youthfulness at the time of the offense conduct, when considered in combination with the 829 Amendment to the Sentencing Guidelines creates a set of circumstances that should be considered "extraordinary and compelling" for purposes of considering a sentence reduction under 18 U.S.C. §3582(c)(1)(A). Amendment 829 makes several revisions to §5H1.1 of

the Sentencing Guidelines, which address how the age of an offender may be relevant in determining the appropriateness of departing from the recommended guideline range at the time of sentencing. The change relevant to Mr. Hackett's situation is the addition of language that allows for a downward departure based on the "youthfulness at the time of the offense or prior offenses." U.S.S.G. §5H1.1.

Amendment 829 was not made retroactive by the Sentencing Commission. U.S.S.G. §1B1.10(d). Non-retroactive amendments to the Guidelines Manual are specifically exempted from consideration when a court is determining whether "extraordinary and compelling" reasons for a sentence reduction exist. U.S.S.G. §1B1.13(c). The Sixth Circuit has also held that non-retroactive Guidelines amendments cannot be considered as "extraordinary and compelling" reasons for relief. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024). Because the Court cannot consider Amendment 829 when it determines whether "extraordinary and compelling" reasons for relief exist, and his other arguments were all fully addressed in the Court's prior order denying relief, there are no grounds to support reconsideration of that Order. (ECF #1095). For the reasons set forth above, the Court finds that Mr. Hackett's Motion for reconsideration ("Amended Motion for Compassionate Release) should be DENIED. (ECF #1099). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: February 4, 2025