UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:11 CR 101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| DAQUANN HACKETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. §3582. (ECF # 1103). This is Mr. Hackett's second motion for compassionate release. (ECF #1080, 1099).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See,*

*United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).  Mr. Hackett sent a request to the Warden of his facility on July 25, 2025, incorporating the arguments he is now making before this Court.  He has received no response.  Therefore, Mr. Hackett has exhausted his administrative remedies and the Court will address the merits of his request.

Once a sentence has been pronounced, it may not generally be modified, except under limited circumstances.  18 U.S.C. §3582(b) and (c).  In order to justify modification as compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a),  must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13.  A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered Mr. Hackett's filings, the Government's opposition, and the record.  The Court is also in receipt of multiple letters of support for Mr. Hackett, which it has read and taken into account.  The Court acknowledges and applauds Mr. Hackett's rehabilitative efforts and recognizes the emotional appeal of his arguments, especially concerning the effect of his incarceration on his family.  However, the combination of factors at play in Mr.Hackett's case do not rise to the level of extraordinary and compelling reasons for a sentence reduction under the law.

Mr. Hackett claims that his sentence is disproportionate to those of his co-defendants and others who have committed similar, or what he deems to be worse crimes.  The Sentencing Guidelines define sentencing ranges that are considered appropriate and proportionate for different

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

crimes, taking into account the criminal history of the specific defendant. The Court took into account these guidelines, as well as the particular circumstances of the specific crimes committed, and the history and characteristics of Mr. Hackett at the time of sentencing. The individual statistics argued by Mr. Hackett are not proper bases of comparison for the crimes he committed under the circumstances of his case. With regard to the co-defendants in his case, each individual played a different role and had a different background going into sentencing. Pursuant to §3553(a)(6), the Court took disparity of sentences into account, along with considering all of the other required factors. A motion for compassionate release "is not the proper vehicle for arguments that were or could have been raised on direct appeal or in a §2255 motion." *United States v. Johnson*, No. 22-5932, 2023 U.S. App. LEXIS 14548 (6th Cir. June 9, 2023)(quotation omitted); see also *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023)("it would be improper to allow a defendant or court to ...reframe[] a sentencing error as a sentencing disparity."). Mr. Hackett's argument regarding the alleged disparity of his sentence does not fit under any of the criteria established under U.S.S.G. §1B1.13 and does not otherwise establishe extraordinary and compelling circumstances that would justify consideration of a sentence reduction.

Further, Mr. Hackett asks the Court to consider that he was unable to benefit from time credits offered to other inmates, and that there were proposed bills and policies that could have benefitted him had they been passed or retained. The time credit issue arises from credits established by 18 U.S.C. §3632(d)(4), which establishes that inmates convicted of 68 specific crimes are ineligible for time credits. This list includes 18 U.S.C. §924(c), which is one of the crimes Mr. Hackett was convicted of. The Court cannot override legislative edict under the guise of compassionate release. Further, the Court may not consider policy arguments that are not reflected in the current law as extraordinary and compelling circumstances for purposes of reducing a defendant's sentence. The current state of the law applies across the board to all defendants, thus

a current law, or a failure to make a change to the law apply across the board and are by definition not extraordinary circumstances for purposes of §3582. Thus, Mr. Hackett has not demonstrated an extraordinary and compelling circumstances justifying a sentence reduction, let alone one that is consistent with the USSG's policy statement in §1B1.13.

For the reasons set forth above, the Court finds that Mr. Hackett's Motion for Reduction in Sentence should be DENIED. (ECF #1103). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: April 16, 2026